UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SEGLENDA CRIGLER,

    Plaintiff,

    v.

AMERICAN STOCK TRANSFER & TRUST COMPANY, LLC,

    Defendant.

No. 2:13-cv-1343-JAM-KJN PS

ORDER

Plaintiff Seglenda Crigler, proceeding in this action without counsel and in forma pauperis, commenced this action on July 5, 2013. (ECF No. 1.)[1] Plaintiff, presently a resident of San Francisco, California, alleges that defendant American Stock Transfer & Trust Company, LLC, a New York company, deliberately misrepresented or concealed plaintiff's stock earnings. Liberally construed, plaintiff's complaint appears to assert claims for fraud, a violation of 18 U.S.C. § 1348 for securities and commodities fraud, and violations of the Fourteenth Amendment against defendant. (Id.)

On July 25, 2013, the court issued findings and recommendations recommending that plaintiff's action be dismissed without prejudice based on improper venue. The court explained

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

that, according to the federal venue statute, a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The court noted that plaintiff resides in San Francisco, California, which is located in the Northern District of California, and defendant is headquartered in New York. Thus, the court determined that venue in this district is improper and recommended dismissal of the action without prejudice pursuant to 28 U.S.C. § 1406(a).

Thereafter, on August 14, 2013, plaintiff filed an ex parte motion to amend her complaint. (ECF No. 4.) In light of that motion, the pending findings and recommendations were vacated. (ECF No. 5.) After reviewing plaintiff's motion, the court remains unconvinced that venue in the Eastern District of California is proper.[2] In particular, plaintiff's motion indicates that while she presently resides in San Francisco, California, she formerly "resided at 1601 12th Street #4, Sacramento, CA 95814 from October 10, 2009 to October 15, 2012, where the substantial part of the events, and omissions occurred." (Id. at 2.) Although this information at least sheds some light as to why plaintiff filed this action in the Eastern District of California, it is generally the *defendant's residence*, and not the plaintiff's residence, that guides the venue inquiry. Furthermore, although plaintiff states in conclusory fashion that a substantial part of the events or omissions giving rise to her claims occurred in this district, she alleges no facts in that regard. To the contrary, it appears that defendant's alleged fraudulent actions and activities took place in

---

[2] Plaintiff's motion to amend did not actually seek to amend plaintiff's substantive allegations and claims, but essentially sought to clarify why plaintiff brought the instant action in the Eastern District of California. (ECF No. 4.)

2

New York.

Although it was previously somewhat unclear in which New York district defendant resides, and the court thus recommended dismissal without prejudice in lieu of transferring the case, a further search of the records of the New York Secretary of State confirms that defendant resides in the Eastern District of New York.[3] Because filing in this district was likely an inadvertent error by a pro se litigant unfamiliar with the federal venue rules, and in consideration of judicial efficiency and economy, the court finds that transfer of the action to the Eastern District of New York pursuant to 28 U.S.C. § 1406(a) would be in the interest of justice.

Finally, the court observes that, even if plaintiff could allege additional facts showing that venue was not strictly improper under 28 U.S.C. § 1406(a), a transfer of venue pursuant to 28 U.S.C. § 1404(a) would nonetheless be warranted. 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Here, while litigating the case in the Eastern District of New York would be less convenient for plaintiff, and litigating the case in the Eastern District of California would be less convenient for defendant, most of the witnesses and evidence concerning plaintiff's fraud claims would be located in the Eastern District of New York. Therefore, on balance, the interest of justice militates in favor of venue in the Eastern District of New York.

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. The action is TRANSFERRED to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1406(a), or alternatively, pursuant to 28 U.S.C. § 1404(a). The court expresses no opinion regarding the merits of plaintiff's claims.

////

---

[3] Consistent with defendant's website, the New York Secretary of State's website provides an address for defendant in Brooklyn, New York, which is located in the Eastern District of New York. See http://www.dos.ny.gov/corps/bus_entity_search.html; see also http://www.amstock.com/main/nav_contactUs.asp.

2. Plaintiff's ex parte motion to amend (ECF No. 4) is DENIED WITHOUT PREJUDICE AS MOOT.

3. The Clerk of Court is directed to close this case and vacate all dates.[4]

IT IS SO ORDERED.

Dated: August 20, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[4] Plaintiff is instructed to direct any filings or inquiries related to this case to the United States District Court for the Eastern District of New York. Further information regarding that court's Local Rules and procedures can be obtained on the court's website at https://www.nyed.uscourts.gov/ or by telephone at (718) 613-2600. *Plaintiff is cautioned that further filings in the Eastern District of California related to this case will be disregarded.*